## BURGOS *v.* BÁEZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 646.—Resuelto en mayo 23, 1911.

PRUEBA SUBSIDIARIA—DOCUMENTO ORIGINAL PERDIDO—COPIA DE DOCUMENTOS.—
En el acto de la vista el demandante presentó prueba para demostrar que el original de cierto acto de conciliación alegado en la demanda, se había perdido, e introdujo una copia simple del mismo. El demandado se opuso y la corte no obstante creer que se había demostrado la pérdida del original, se negó a admitir la copia porque de ella no resultaba que el demandado, que también como tal demandado aparecía compareciendo en el acto de conciliación, hubiera firmado, o que no sabiendo firmar, lo hubiera hecho a su ruego un testigo; *se resolvió,* que al no admitir la prueba subsidiaria, la corte de distrito infringió el artículo 24 de la ley de evidencia.

ACTOS DE CONCILIACIÓN—ANTIGUA LEY DE ENJUICIAMIENTO CIVIL—DEROGACIÓN.—
Puesta en vigor la orden general número 118, serie de 1899, que varió fundamentalmente el procedimiento civil, los "actos de conciliación" dejaron de ser necesarios para el ejercicio de las acciones civiles y las prescripciones de la antigua Ley de Enjuiciamiento Civil sobre la materia, quedaron virtualmente derogados.

RECONOCIMIENTO DE DEUDA—ACCIÓN PERSONAL—PRESCRIPCIÓN.—Reconocida una deuda después de la vigencia de la orden general número 118, serie de 1899, ante un juez municipal, hallándose presentes el secretario del juzgado y dos llamados "hombres buenos," y hecho constar tal reconocimiento por escrito, no es posible impedir que se presente prueba sobre la existencia de dicho acto, cuyo valor apreciará luego el juez al dictar la sentencia. La acción que compete al acreedor para reclamar el pago de una deuda así reconocida, es la personal que sólo prescribe a los 15 años.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Joseph Anderson, Jr.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente caso es un recurso de apelación contra una sentencia de la Corte de Distrito de San Juan, sección segunda, que declaró sin lugar una demanda establecida por Rafael Burgos contra Andrés Báez, sobre cobro de pesos. En la demanda se alega que Báez debía y debe a Burgos la suma de $541.70 procedente de diversas cantidades de dinero que le prestara en distintas épocas y de algunas provisiones que

le diera para el sostenimiento de su familia. Que a consecuencia de esa deuda el demandante y el demandado celebraron un acto de conciliación ante el juez municipal de Bayamón el 18 de abril, y en ese acto reconoció Báez deber a Burgos la expresada cantidad y ofreció pagarle con cierta estancia que poseé en Bayamón, que se tasaría por peritos y con su importe se cobraría Burgos su deuda y devolvería la diferencia a Báez. Que no pudo cumplirse tal convenio, porque el demandado no designó perito tasador; y que el demandante no ha podido aún cobrar su crédito en forma alguna, habiendo sólo recibido del demandado 32 almudes de café, que valen $22.16, a cuenta de la deuda.

La demanda termina suplicando que se dicte sentencia ordenando al demandado que entregue la finca descrita en la demanda para el pago de la deuda en la forma convenida, o bien que pague al demandante en metálico la deuda reclamada, intereses y costas.

El demandado opuso a la demanda excepciones previas que fueron declaradas sin lugar y entonces archivó su contestación alegando, en resumen, que la corte de distrito no tenía jurisdicción; que ''si alguna vez debía al demandante, ha mucho tiempo que le ha pagado todo lo que le debía''; ''que si es verdad que el demandante y él celebraron un acto de conciliación ante el juez municipal de Bayamón el 18 de abril de 1901, desde entonces el demandado no ha hecho nada para hacer efectivo dicho acto de conciliación, y, que por lo tanto, no tiene ahora ningún derecho,'' y que la finca a que se refiere la demanda, pertenecía a la sociedad conyugal y ahora habiendo muerto su esposa, una hija suya tiene interés en la misma.

La cuestión de jurisdicción alegada por el demandado carece de fundamento. En la demanda se reclama 541 dollars y en tal virtud la jurisdicción original de la corte de distrito para conocer del caso, quedó establecida claramente de acuerdo con la ley.

Resuelta esta cuestión previa, procederemos a considerar

y resolver una de las excepciones del demandante y apelante, que, a nuestro juicio, levanta la cuestión fundamental envuelta en este recurso.

En el acto de la vista, el demandante presentó prueba para demostrar que el original del acto de conciliación alegado en la demanda, se había perdido, e introdujo entonces una copia simple del mismo. La parte demandada se opuso a la admisión de la prueba y la corte se negó a admitirla no obstante creer que se había probado la pérdida del original, por que de la copia no resultaba que el demandado, que también como demandado aparecía interviniendo en el acto de conciliación, hubiera firmado, o que no sabiendo firmar, lo hubiera hecho a su ruego un testigo, tal como disponía el artículo 471 de la antigua Ley de Enjuiciamiento Civil.

La admisión de esta prueba era y es de gran importancia para el demandante y apelante, dada la alegación de prescripción hecha por el demandado y apelado, y habiendo llegado a la conclusión de que el original del acto de conciliación se había perdido, al no admitir prueba subsidiaria de dicho acto, es evidente que la corte de distrito infringió el artículo 24 de la ley de evidencia.

En 18 de abril de 1901, fecha en que se alega celebrado el acto de conciliación, ya estaba en todo su vigor la orden general número 118, serie de 1899, que había variado fundamentalmente el procedimiento civil en Puerto Rico. Los actos previos de conciliación dejaron de ser necesarios para el ejercicio de las acciones civiles y las prescripciones de la antigua ley de enjuiciamiento civil sobre la materia, quedaron virtualmente derogadas.

Siendo esto así, el acto de conciliación que se alega celebrado en este caso, carece de fuerza como tal y no es necesario investigar si se celebró o nó con todas las solemnidades que la ley exigía; pero si se demuestra que es cierto que dos personas acudieron ante un juez, hallándose además presentes el secretario del juzgado y dos llamados hombres buenos, y una de dichas personas reconoció deber a la otra una determinada

cantidad de dinero y tal reconocimiento se consignó por escrito, no es posible impedir que se presente prueba sobre tal acto, prueba cuyo valor apreciará luego el juez al dictar la sentencia que proceda en justicia.

El acto no tendrá la fuerza de un convenio hecho constar en documento público, pero si su realidad se demuestra cumplidamente, constituirá a lo menos el reconocimiento de una deuda líquida hecha constar en documento privado, y la acción que compete al acreedor para cobrar la deuda, será claramente la personal que sólo prescribe a los quince años. (Art. 1963 del Código Civil antiguo y 1865 del Código Civil revisado.)

En tal virtud y habiendo examinado cuidadosamente la forma en que aparece redactada la contestación y las demás circunstancias de este caso, opinamos que debe revocarse la sentencia apelada y ordenarse la celebración de un nuevo juicio, en el cual se permita a las partes probar sus alegaciones con entera amplitud y de acuerdo con la ley.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Wolf.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.